MANDATE

Judge Lagueux
USDCRI
03-00118

# United States Court of Appeals
## For the First Circuit

---

No. 05-1222

UNITED STATES,

Appellee,

v.

JUAN A. MIRANDA,

Defendant, Appellant.

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

JUDGMENT

Entered: April 26, 2006

Appellant, who was convicted on drug conspiracy charges, attacks his sentence on two grounds. First, he contends that he should have received an adjustment for playing a minor role in the offense of conviction. Under the highly deferential clear error standard, we cannot disturb the district court's determination, made after reviewing the evidence and arguments of both sides, that appellant was a "vital cog" in the conspiracy. See United States v. Martinez-Vargas, 321 F.3d 245, 250 (1st Cir. 2003)(to obtain adjustment, defendant must show that he was both less culpable than most other participants and less culpable than most other persons convicted of comparable crimes); see also U.S.S.G. § 3B1.2(b).

Appellant also attacks the district court's denial of a downward departure based on the theory that the government set an artificially low down-payment in this reverse sting operation, citing United States Sentencing Guidelines, § 2D1.1, commentary, note 14 (2004). Where the government sets an artificially low price a departure "may be warranted." There is no record support

for appellant's contention that the down payment provision was remarkably purchaser-friendly. In any case, the denial of a discretionary downward departure is not a proper subject for review. See United States v. Melendez-Torres, 420 F.3d 45, 50-51 (1st Cir. 2005). As to appellant's citation to note 12 of the same § 2D1.1, commentary, the argument, which is essentially a sentencing factor manipulation claim, see United States v. Montoya, 62 F.3d 1, 4 (1st Cir. 1995), was not raised below and we discern no plain error.

Appellant does not claim that his 87-month sentence, which is lower than both the guideline sentencing range and the statutory maximum that would have applied had he not received the benefit of the "safety valve", U.S.S.G. § 5C1.2, is unreasonable under United States v. Booker, 543 U.S. 220 (2005).

Affirmed. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

M. [signature]

Deputy Clerk

Date: 5/18/06

[cc: Luis Matos, AUSA, Gerard Sullivan, AUSA, Donald Lockhart, AUSA, Richard Fallon]