**JUAN A. MIRANDA**
**REG # 05389-070**
**NEOCC**
**2240 HUBBARD RD.**
**YOUNGSTOWN, OHIO 44505**

June 21, 2008

Honorable Ronald R. Lagueux
U.S. Senior District Judge
District of Rhode Island
United States Courthouse
One Exchange Terrace
Providence, R.I. 02903

Re : United States Vs. Juan Miranda
Case No. 03-CR-00118-L-2

Your Honor :

I am Juan Miranda, the defendant in the above referenced matter.

On February 3, 2005, I was sentenced to 87 months of imprisonment.

At the sentencing hearing this Court stated :

> The real penalty for this defendant is that he will be deported at the end of his sentence. He"s a man with education, he's an engineer, college graduate, and he will go back to the Dominican Republic after his sentence is served.
>
> One of the important considerations in imposing sentence in this case is that the other defendants and a person that I consider his coleader, Jimenez, recieved 87 months. Now, admittedly, Jimenez recieved 87 months instead of a guidelines range of 97 months, as in this case, because Jimenez cooperated right from the beginning and pleaded, and this defendant did not and he didn't earn that extra point because he had no plea agreement, and he decided to plead and make certain contentions without a plea agreement. But under the circumstances, I believe generally that deportation is the real penalty in these kinds of cases. And, generally, I impose a sentence in the range of three to four years where a defendant will be deported, because I don't want the taxpayers of the United States of America paying $ 20,000 to $ 25,000 a year for the cost of incarceration of someone like this who will be deported, it's unnecessary in most of these cases. I was reversed some

years ago by taking this into consideration by the First Circuit when the guidelines were mandatory. They are no longer mandatory. They are advisory. See Sentencing trans. Pag 90-91.

In today's world, the First Circuit Court of Appeals in U.S. Vs. Rodriguez, ____ F3d______, _____ ( 1st Cir. 2008 ), concluded that.

" The District Court acting without the[1] benefit of the watershed decision in Kimbrough, committed procedural error in refusing to consider the appellant's argument that he should recieve a variant sentence because of the disparaty incident to the lack of fast-track program in the District of Puerto Rico ".

The Court went on and held that :

" Although sentencing Courts can consider items such as fast-track disparity, they are not obligated to deviate from the guidelines based on those items. "

Finally, the ultimate authority to grant a fast-track departure lies with the sentencing Court. See US v. Rodriguez, No. 06-2656, decided June 4, 2008.

For the foregoing reason(s), this Court today is empowered to takes into its considerations a possible adjustment of my sentence. Truism at hand, such possibility is both legal and factual. Legally speaking Kimbrough decision is retroactive and Rodriguez, is the law-of-the-circuit. Factual speaking, a reduction of sentence will implicates an immediate deportation and as such that act by itself, would be in the best interest of the United States of America. See Sjugreen Vs. Reno, 943 F. Supp. 29,30 (D.D.C. 1996)( an immediate deportation is in the best interest of USA )( citations omitted).

Hope to hear from your Honor soon, respectfully submitted.

Juan Miranda

Fn. 1 Even though Kimbrough was not avalible at the time of my sentence, that fact by itself, will not be a hurdle because Kimbrough is a watershed decision and an statutory interpretation rendering such decision authomatically retroactive.