**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 03-00118-02L |
| | ) | |
| JUAN A. MIRANDA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**LETTER REQUESTING A SENTENCE ADJUSTMENT**

The Defendant asks the Court to consider an adjustment of his sentence in light of the United States Court of Appeals for the First Circuit's recent decision regarding sentencing disparities between districts that have implemented U.S.S.G. § 5k3.1 Early Disposition Programs ("fast track programs") and districts that have not. United States v. Rodriguez, 2008 WL 2265898 (1st Cir. June 4, 2008). The United States respectfully requests that the Court deny Defendant's request because it is not properly before this Court, it is untimely, and it is not founded on any precedent which would allow Defendant the relief requested.

**Facts**

On November 1, 2004, the Defendant pled guilty to conspiring to distribute more than five kilograms of cocaine (Count I), and attempting to possess with intent to distribute more than five kilograms of cocaine (Count II), in violation of 21 U.S.C. §§ 841(1) and (b)(1)(A)and 846. Defendant's original sentencing guideline was level 32, which rendered a sentencing range of 121 to 151 months. Defendant also faced a mandatory minimum sentence of 10 years. However, Defendant's guideline level was reduced to 30 once defendant qualified for the "safety valve" exception, pursuant to U.S.S.G. § 2d1.1(b)(6), for a sentencing range of 97-121 months. On February 3, 2005, the Court sentenced Defendant to 87 months in prison – a term of

imprisonment lower than his guideline range, in part, because one his co-defendants (and fellow leader of the conspiracy), Nidio Jimimez, was also sentenced to 87 months.

On February 2, 2005, the Defendant appealed his sentence. On May 19, 2006, the Court of Appeals affirmed the Defendant's sentence. Attachment 1. The First Circuit also noted that defendant did "not claim that his 87-month sentence, which is lower than both the guideline sentencing range and the statutory maximum that would have applied had he not received the benefit of the 'safety valve,' U.S.S.G. § 5C1.2, is unreasonable under United States v. Booker, 543 U.S. 220 (2005)." Id.

Approximately two years later, on June 21, 2008, the Defendant wrote a letter to the Court requesting that his sentence be adjusted in light of the First Circuit's holding in Rodriguez that trial courts may consider sentencing disparities resulting from the existence, or non-existence, of a "fast track" program in a particular district. Defendant's letter makes no reference to the procedural avenue whereby the adjustment sought might be granted.

The Defendant is a citizen of the Dominican Republic and was in the United States illegally at the time of his arrest.

## ARGUMENT

A. Defendant's Motion Should Be Denied Because He Has Not Identified A Procedural Vehicle Which Allows The Court To Grant Relief Requested

Defendant cites no procedural vehicle which would allow the Court to grant the relief he seeks. The sentence does not warrant adjustment pursuant to Federal Rule of Criminal Procedure 35(a), allowing the Court to correct a sentence containing a clear error within 7 days after sentencing, or Rule 35(b), allowing the government to seek a reduction in return for the

Defendant's substantial assistance. Fed. R. Crim. P. 35(a) & (b). The Defendant has neither found an error in his sentence nor rendered substantial assistance to the government.

Further, Defendant is not eligible to have his sentence reduced under 18 U.S.C. § 3582(c)(2), which bars a Defendant from appealing a sentence unless the sentencing range within which the defendant's term of imprisonment was determined has subsequently been reduced. 18 U.S.C. § 3582(c)(2). There has been no change in the sentencing range applicable to Defendant's criminal conduct. Moreover, in this case, Defendant was sentenced below his guideline range.

The only mechanism that would allow for the relief he seeks lies in a 28 U.S.C. § 2255 petition. "A motion pursuant to 28 U.S.C. § 2255 provides a collateral means for a federal prisoner to challenge the conviction or sentence imposed in violation of the Constitution or laws of the United States." Straw v. United States, 931 F. Supp. 49, 50 (D. Mass 1996). Such a violation must result in a miscarriage of justice. Id. However, as addressed below, even if the Court were to characterize the Defendant's letter as a § 2255 petition, it would be untimely filed.[1] Accordingly, Defendant's request should be denied.

B. If The Court Does Recharacterize The Motion As A § 2255, Reliance On Rodriguez Remains Inappropriate Because Defendant Has Exceeded The Time Limit During Which Such Motions May Be Filed

Except in three circumstances, a § 2255 petitioner is required to file his petition within one year of the date on which his conviction became final. 28 U.S.C. § 2255. The circumstances under which the filing period is extended are when: (1) the government

[1] Characterizing the Defendant's letter as a § 2255 requires obtaining the Defendant's permission. Raineri v. United States, 233 F.3d 96, 99-100 (1st Cir. 2000). Defendants are only given one full and fair opportunity to seek habeas relief and District courts should not re-characterize a motion as a § 2255 request unless the Defendant, with knowledge of the potential adverse consequences, agrees to have the motion so re-characterized. Id.

unlawfully creates an impediment to filing the petition and this impediment causes the petitioner to miss the deadline (under the circumstances the petitioner is given one year from the date on which that impediment is lifted to file); (2) the Supreme Court creates a new right and that new right is made retroactively applicable to cases on collateral review; or (3) the petitioner, exercising due diligence, could not have discovered the key facts supporting his claim until a certain date (in which case the petitioner gets one year from that date). Id. Equitable tolling of the statute is normally appropriate only when extraordinary circumstances beyond the litigant's control prevented him from filing on time. See Delaney v. Matesanz, 264 F.3d 7. 15 (1st Cir. 2001).

The one year filing window for the Defendant's § 2255 petition began 90 days after the First Circuit denied his appeal, or on approximately August 20, 2006. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002); Kapral v. United States, 166 F.3d 865, 570 (3rd Cir. 1998). It ended August 19, 2007. The Defendant filed his letter with the Court almost one year after the deadline, on June 21, 2008. The Defendant has not claimed any impediment which would have barred him from filing his petition during the statutory window or facts supporting his claim that could not be discovered.

In addition, the Defendant has not identified, nor is there any new right available, that is retroactively applicable to him. The Supreme Court's decision in Kimbrough does not apply to the Defendant because his criminal conduct did not involve crack cocaine. See Kimbrough v. United States, 128 S. Ct. 558, 566 (2007). The Defendant was convicted of distributing and possessing powder cocaine. Hence, the disparity issue is not present here. Therefore, even if Defendant had requested relief pursuant to §2255, his request would not be timely.

C. Alternatively, If The Motion Was Timely, Rodriguez Is Of No Import In This Case

The Defendant's reliance on Rodriguez is also misplaced. In Rodriguez, the First Circuit ruled on the issue of sentencing disparity between states that have adopted the "fast track programs" and those that have not. Pursuant to recent Supreme Court holdings, the Court found that sentencing judges were not barred from considering such disparities when sentencing a Defendant. Rodriguez, 2008 WL 2265898 at *7; see Gall v. United States, 128 S. Ct. 586, 596-97 (2007) (holding that district court may take individualized factors into account along with sentencing guidelines); Kimbrough, 128 S. Ct. at 566. However, Rodriguez is an illegal re-entry case and its holding applies to defendants facing disparate sentences because of the unavailability of a "fast track program." See Rodriguez, 2008 WL 2265898. The case's holding does not apply to the prison sentences of illegal aliens -- such as the Defendant -- imprisoned for drug trafficking crimes.

Moreover, the Rodriguez Court explicitly stated that a district court's consideration of these factors does not constitute any obligation by the sentencing court to deviate from the established guidelines. Rodriguez, 2008 WL 2265898 at *10; cf. United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) (explaining that sentencing court with ability to deviate from sentencing guidelines is not required to do so). Moreover, the lack of a "fast track program" in a district does not violate the Constitution or the law of the United States. See United States v. Melendez-Torres, 420 F.3d 45, 52-43 (1st Cir. 2005) (holding that failure to implement "fast track program" does not violate equal protection rights).

Accordingly, Rodriguez is not relevant to defendant's claim.

CONCLUSION

For the foregoing reasons the Defendant's motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ LUIS M. MATOS
LUIS MATOS
First Assistant U.S. Attorney
RI Bar No. 4475
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
luis.matos@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 23rd day of July, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the Government's Response To Defendant's Letter Requesting A Sentence Adjustment to:

Juan A. Miranda
Reg. No. 05389-070
NEOCC
2240 Hubbard Road
Youngstown, Ohio 44505

/s/ LUIS M. MATOS
LUIS MATOS
First Assistant U.S. Attorney
RI Bar No. 4475
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
luis.matos@usdoj.gov