Juan A Miranda
Reg.# 05389-070
CCA-NEOCC
2240 Hubbard Road
Youngstown, Ohio 44505-3157

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN A. MIRANDA,<br>Defendant. | Docket No.:<br>03-Crim-00118-2<br><br>Judge:<br>Ronald R. Lagueux |

# MIRANDA'S REPLY TO PROSECUTOR's RESPONSE TO HIS LETTER DATED JUL. 23, 2008

TO THE HONORABLE COURT:

> "The government cannot gives with one hand and takes away with the other."
>
> - United States v. Barron, 172 F.3d 1153, 1159 (9th Cir. 1999).

It is undisputed defendant requests is untimely but there are several justifications for such a delay.

FIRST

The sentencing judge stated that he lacked of authority to depart downward because of defendant's immigration status and because also his decisions had been reversed by the circuit court in numerous occasions. Prior to Booker there are hundreds of legal authorities vacating criminal sentences for the same false asumption. There is no need of legal citations.

SECOND

In case of recharacterization as a §2255 motion, one-year statute of limitation would be an unbreakable hurdle. A second or successive would be unapplicable due to the unassailable fact, that a first one never had been submitted. The Court, therefore, possess discretional powers to toll the statute of limitations.

THIRD

In United States v. Rodriguez, 527 F.3d 221, 231 (1st Cir. 2008), the Court concluded that

> "[t]he district court, acting without the benefit of the **WATERSHED** decision in Kimbrough v. United States, 128 S.Ct. 558 (2007), committed procedural error in refusing to consider the appellant's argument that he should receive a variant sentence because of the disparity incident to the lack of a fast-track program in the District of Puerto Rico. Kimbrough, makes manifest that sentencing courts possess sufficient discretion under section 3553(a) to consider requests for variant sentences premised on disagreements with the manner in which the sentencing guidelines operate."(emphasis added).

The Circuit Court concluded without slight hesitation that Kimbrough is a **WATERSHED** decision, therefore, recognized legal authorities mandates that Kimbrough is retroactively applicable.

FOURTH

In order for this court enforces its discretionary powers under the "Equitable Tolling Doctrine", it is necessary for the defendant to shows "extraordinary circumstances."

In yesterday's world, Kimbrough was unavailable. Succintly speaking

a) United States v. Booker, 543 U.S. 220 (2005) provides the authority for depart downward, see attachment,

b) Kimbrough, clarified Booker's mandates,

c) Glover v. United States, 121 S.Ct. 696 (2001) held that increase in prison sentence constitute prejudice,

d) In United States v. Singleton, 144 F.3d 1343, 1350 (10th Cir. 1998), the Court stated that

> "[i]t is difficult to imagine anything more valuable than personal physical freedom."

quoting United States v. Cervantes-Pacheco, 826 F.2d 310 , 315 (5th Cir. 1987).

For the forestated reasons, defendant submits, it begs the following question:

> Is it defendant's physical freedom reason enough to shows "extraordinary circumstances" in order for this Court apply its discretionary powers under the "Equitable Tolling Doctrine?

In today's world, the answer is "of course." As a Singleton physical freedom shall be the most biggest and irrefutable demonstration of "extraordinary circumstances."

CONCLUSION

This Honorable Court possess inherent equitable powers to provide the defendant with a legal avenue to present his claims and provide him with the relief sought[1].

RESPECTFULLY SUBMITTED,

Dated: Jul. 30, 2008
Youngstown, Ohio

BY: ______________
JUAN A. MIRANDA

Fn. 1 Kimbrough "opened the door for a sentencing court to deviate from the guidelines in a individual case even though that deviation seemingly contravenes a broad policy pronouncement of the sentencing commission." See United States v. Politano, 522 F.3d 69, 74 (1st cir. 2008).

CERTIFICATE OF FILLING AND SERVICE

I HEREBY DECLARE pursuant to 28 U.S.C. § 1746, an original and true and correct copies of the foregoing " REPLY TO PROSECUTOR'S RESPONSE TO HIS LETTER ", were filed with the Clerk of the Court by prepaid first class U.S. mail in sealed envelope addressed to :

Office of the Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
UNITED STATES COURTHOUSE
One Exchange Terrace
Providence, R.I. 02903

Served to :

Honorable Ronald R. Lagueux
U.S. Senior DIstrict Judge
District of Rhose Island
United States Courthouse
One Exchange Terrace
Providence, R.I. 02903

Served to :

Luis Matos, AUSA
United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

By placing them in the mailing system of CCA-NEOCC, 2240 Hubbard Road Youngstown, OHIO 44505, on July 29, 2008, pursuant to <u>HOUSTON VS. LACK</u> 487 U.S. 266, 270 ( 1988 ).

By : [signature]
JUAN MIRANDA
Reg # 05389-070
NEOCC
2240 Hubbard Road
Youngstown, Ohio 44505